```
                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA


TOBI JOHNSON,                    )   Civil No. 05-2207-BTM(LSP)
                                 )
              Plaintiff,         )
                                 )   ORDER FOLLOWING EARLY NEUTRAL
v.                               )   EVALUATION CONFERENCE, SETTING
                                 )   RULE 26 COMPLIANCE AND NOTICE
SILVERADO LIMITED LIABILITY      )   OF CASE MANAGEMENT CONFERENCE
COMPANY, et al.,                 )   AND SETTLEMENT CONFERENCE
                                 )
              Defendants.        )
```

On July 31, 2007, the Court convened an Early Neutral Evaluation Conference (ENE) in the above-entitled action. Appearing were David Tiffany on behalf of plaintiff and Sterling Stires on behalf of defendants.

Settlement of the case could not be reached at the ENE and the Court therefore discussed compliance with Federal Rule of Civil Procedure, Rule 26. Based thereon, the court issues the following orders:

1. Any objections made to initial disclosure pursuant to Federal Rule of Civil Procedure, Rule 26(a)(1)(A-D) are overruled, and the parties are ordered to proceed with the initial disclosure process. Any further objections to initial disclosure will be

resolved as required by Rule 26.

    2.   The Rule 26(f) conference shall be completed before <u>August 24, 2007</u>;

    3.   The date of initial disclosure pursuant to Rule 26(a)(1)(A-D) shall occur before <u>September 4, 2007</u>;

    4.   A discovery plan shall be <u>lodged</u> with Magistrate Judge Papas on or before <u>September 4, 2007</u>; and,

    5.   A Case Management Conference, pursuant to Federal Rule of Civil Procedure 16(b) shall be held on <u>September 13, 2007</u>, at <u>8:30 AM</u>, in the chambers of Magistrate Judge Leo S. Papas. Counsel may participate by telephone conference call. The Court will initiate the conference call.

    6. A Settlement Conference shall be held on <u>October 24, 2007</u> at <u>9:00 AM</u>.

    All parties or their representatives who have full authority to enter into a binding settlement, in addition to the attorneys participating in the litigation, shall be present at the conference.

    Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.

    "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement

1  options and to agree at that time to any settlement terms acceptable
2  to the parties.  Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871
3  F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered
4  discretion and authority" to change the settlement position of a
5  party.  Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D.
6  Ariz. 2003).  The purpose of requiring a person with unlimited
7  settlement authority to attend the conference includes that the
8  person's view of the case may be altered during the face to face
9  conference.  Id. at 486.  A limited or a sum certain of authority is
10 not adequate.  Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir.
11 2001).
12      Failure of any counsel or party to comply with this Order
13 will result in the imposition of sanctions.
14      IT IS SO ORDERED.
15
16 DATED:  July 31, 2007
17
18                                    _____
                                       Hon. Leo S. Papas
19                                     U.S. Magistrate Judge